**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Yana Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

| | |
|---|---|
| **SHAUNA ANDRE, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**U.S. BANK, N.A.**<br><br>Defendant. | Case No.: 2:20-cv-04854<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200, *ET SEQ.*;**<br>2) **UNJUST ENRICHMENT; AND**<br>3) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ.***<br><br>**[JURY TRIAL DEMANDED]** |

# INTRODUCTION

1. Plaintiff, SHAUNA ANDRE ("Ms. Andre" or "Plaintiff") brings this Class Action Complaint to challenge the deceptive business practices of Defendant, U.S. Bancorp ("U.S. Bank" or "Defendant") with regard to Defendant's overdraft fees charged to its customers for manipulating them into overdrafting their accounts.
2. Banks aggressively market their online banking services and their ability to accept check deposits via smartphone applications.
3. It has never been so easy for consumers to check their bank account balance.
4. The display creates an apparently false sense among consumers that they know exactly what their available balances are.
5. Essentially, U.S. Bank created and online trap
6. What U.S. Bank fails to disclose is that the balance seen is <u>not</u> a consumer's actual available balance.
7. According to the Center for Responsible Lending, confusion over available balance is now the top complaint consumers have when it comes to overdraft fees.
8. Not surprisingly, this balance uncertainty works to the benefit of banks, helping them to rake in huge overdraft fees.
9. A 2015 study by financial data analyst Moebs Services reported banks took in a total of $32.5 billion in overdraft fees in a single year.
10. These fees have fallen disproportionately on the people least able to pay them: seniors, the young, minorities, the disabled, and military families.
11. U.S. Bank's online banking displays accounts with a certain dollar amount, permits customers to deposit additional funds into the account (which should increase the overall account balance), and falsely represents to the consumer that the funds are available giving consumers the reasonable expectation they can then make purchases, only to subsequently be charged an overdraft fee.

12. In fact, even when the customer does not make a deposit, the account reflects an amount that is not there, and falsely states that a certain amount is avaliable.
13. U.S. Bank encourages consumers use its online banking system: "Better banking is just keystrokes away."[1]
14. It touts better manageability, monitoring, and control of consumers' U.S. Bank accounts. Users of U.S. Bank's online and mobile banking can view their current balance information, and "pocket the power to bank on your schedule."[2]
15. U.S. Bank, however, does not show consumers' true available funds on online.
16. Failing to accurately update, administer, and provide consumers with accurate account information, consumers who reasonably rely on their online/mobile account information are misled to believing their accounts hold certain amounts when they do not.
17. Inevitably, unless a consumer is (1) aware of U.S. Bank's deceptive accounting, and (2) separately on their own, balance their accounts, they will overdraft their account and be charged overdraft fees.
18. Portraying false account balances pushes consumers into overdraft, simply for U.S. Bank to reap profits.
19. These kinds of deceptive tactics are a direct breach of California law designed to foster honest and fair business practices.
20. Furthermore, the California legislature determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for

---

[1] https://www.usbank.com/online-mobile-banking/online-banking.html
[2] https://www.usbank.com/online-mobile-banking/mobile-banking.html

the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

21. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

22. This conduct caused Plaintiff, and others similarly situated, damages, and requires restitution and injunctive relief to remedy and prevent further harm.

23. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332(d)(2) of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff is from a different state than that of the Defendant. This court also has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

25. Venue is proper for the following reasons: (i) Plaintiff resides in the State of California within the County of Los Angeles; (ii) the conduct complained of herein occurred within California and in this district; and, (iii) many of the acts and transactions giving rise to this action occurred in California because Defendant:

    (a)     is authorized to conduct business in California and has intentionally availed itself of the laws and markets within this district;

    (b)     does substantial business within this district through marketing

and advertisement to bank with its financial institution;

 (c) is subject to personal jurisdiction because it has availed itself of the laws and markets within this County; and,

 (d) the harm to Plaintiff occurred within this County.

## PARTIES

26. Plaintiff Shauna Andre is a natural person residing in Woodland Hills, California.

27. Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

28. Plaintiff is a person from whom a debt collector sought to collect a "consumer debt,"

29. Upon information and belief, Defendant is a national bank that has its Headquarters in Minneapolis, Minnesota.

30. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant is a "debt collector" under Cal Civ. Code § 1788.2(c).

31. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

32. Prior to January of 2020, Plaintiff opened a personal U.S. Bank checking account ("Checking Account").

33. Shortly thereafter, Plaintiff signed up for and used U.S. Bank's online/mobile banking.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

34. She regularly monitored her account through an application on her smartphone and online on her computer.
35. On or about March 16, 2020, Plaintiff made two separate ATM deposits at her local US Bank ATM for $980.00 and $220.00.
36. Following the deposits, Defendant immediately represents that Plaintiff has $1,199.81 available in her Checking Account.
37. On March 16, 2020, using the mobile payment service, "Cash App," Plaintiff makes two separate electronic deposits into her Checking Account, bringing her account to $1,258.75.
38. Plaintiff reviewed her online US Bank account to confirm the deposits were made and the available balance prior to making four debit purchases totaling $1,246.51.
39. Based on the amounts deposited, Plaintiff's account retained $12.24 in funds after the four purchases.
40. Nonetheless, on or about March 17, 2020, Defendant charged and withdrew from Plaintiff's account a $36.00 overdraft fee.
41. Occurrences such as these repeated on or about April 20, 2020—Plaintiff deposits funds into her Checking Account, the account appears to have an available balance on Plaintiff's mobile application, Plaintiff makes a purchase within the available funds, and is then charged a $36.00 overdraft fee.
42. In one instance on April 30, 2020, Plaintiff deposited $134.00 into her Checking Account, bringing her balance at the time to $372.90.
43. However, at the same time Plaintiff had pending debit transactions totaling $414.45. As of 9:04 PM, on April 30, 2020 her account properly reflected a negative balance of $46.55 (the difference between the pending transactions and completed ones).
44. Thus, to bring her account out of the negative balance, not long thereafter Plaintiff deposited $46.56.

45. This deposit brought her Checking Account to a positive 0.01.
46. Skeptical of Defendant's account balance representations, the next day on May 1, 2020, Plaintiff checked her balance in the Checking Account, to discover, without any additional deposits, the account reflected a $210.01 available funds.
47. As such, Defendant made representations to Plaintiff that an additional $210 was available in her account when this was in fact not the case.
48. The following day, Plaintiff's Checking Account again reflected the accurate balance of $0.01.
49. If Plaintiff had taken Defendant's representations at face value and made a purchase over $0.01, she would have incurred another overdraft fee.
50. It is upon information and belief that Defendant is purposefully showing customers like Plaintiff false balances to encourage them to spend money that the customer does not actually have. Then once unsuspecting customers like Plaintiff withdraw funds, they get hit with overdraft fees.
51. Unless a customer scrutinizes, their account, manages their balances on their own, they are subject to Defendant's false representations. However, such scrutinizing defeats the purpose of using Defendant's online banking.
52. Plaintiff and others similarly situated were exposed to and relied upon the same material misrepresentations, where Defendant encourages and makes available online and mobile banking for its customers.
53. As a result of Defendant's ruse to mislead consumers, Defendant charged and improperly collected overdraft fees from Plaintiff in violation of 15 U.S.C. § 1692e(10) incorporated through the Rosenthal Act (prohibiting debt collectors from "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt.")
54. Defendant's false and misleading representations caused Plaintiff and other similarly situated consumers to have paid millions of dollars' worth of unnecessary/unlawfully gained overdraft fees. Plaintiff and consumers alike

have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

55. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

## CLASS ACTION ALLEGATIONS

56. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of civil Procedure 23(a) and 23(b)(2) and/or (b)(3).

58. Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") and ("Sub-Class") consists of:

> All persons within California with a U.S. Bank checking account(s) who were charged and paid Defendant an overdraft fee(s) at the time his/her checking account showed available funds within the last 4 years from the date of the complaint.

> All persons in the State of California with a U.S. Bank checking account(s) who were charged an overdraft fee(s) at the time his/her checking account showed available funds within one year from the date of the complaint.

59. Excluded from the Class and Sub-Class are Defendant and any of its officers, directors, and employees. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

60. The "Class Period" means four years prior to the filing of the Complaint in this action.

61. **Ascertainability**. The members of the Class are readily ascertainable from Defendant's filing records and/or Defendant's agent's records of filings and

online bank accounts concerning overdraft fees, as well as through public notice.

62. **Numerosity**. The members of the Class and Sub-Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that the Defendant is one of the largest financial institutions in America who millions of people bank with. Plaintiff alleges that the putative Class consists of thousands, if not millions of members in the United States.

63. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same standardized online banking account manipulation. The common legal and factual questions include, but are not limited to, the following:

   a. Whether U.S. Bank engaged in deceptive misrepresentations of bank account balances to its customers;

   b. Whether Defendant's representations regarding the inaccurate online bank account fund availability, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

   c. Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

   d. Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

   e. Whether Defendant's overdraft charges violated the Rosenthal Act;

   f. Whether Plaintiff and members of the Class are entitled to actual damages and/or statutory damages;

g. Whether Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

h. Whether Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

64. **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent. Similar to members of the putative Class, Plaintiff was charged and paid an overdraft fee when Defendant represented she had available funds in her checking account.

65. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the putative Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive business practices. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and the proposed Class.

66. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible

for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to California Code of Civil Procedure § 382.

67. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its online banking representations to be false and misleading and collect ill-gotten overdraft fees in this manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

68. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

**FIRST CAUSE OF ACTION FOR**

**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")**

**BUS. & PROF. CODE §§ 17200, *ET SEQ.***

69. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204

authorizes a private right of action on both an individual and representative basis.

71. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

72. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

### A. "UNLAWFUL" PRONG

73. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq.*, by displaying, and representing that customers banking with Defendant had account balances that they in fact did not have in an effort to collect overdraft fees as alleged herein.

74. Defendant's conduct violated the Fair Debt Collection Practices Act and Rosenthal Act, and therefore violated California's Unfair Competition Law ("UCL"), Business & Professions Code §17200, *et seq.*, which provides a cause of action for an "unlawful" business act or practice carried out on members of the California public.

75. Plaintiff reserves the right to allege other violations of law, which constitute additional unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### B. "Unfair" Prong

76. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq*.

77. Defendant's actions and representations constitute an "unfair" business act or practice under Business & Professions Code § 17200, *et seq*. in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently represent to the consuming public that they have available funds simnply to secure overdraft fees.

78. By displaying and representing in Defendant's online banking that customers like Plaintiff had balances in their account when they did not, induced consumers to spend money they didn't have. Subsequently charging fees is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers.

79. Plaintiff could not have reasonably avoided the injury she suffered. Indeed, Defendant conceals the accurate account information from consumers.

80. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues to mislead the public.

### C. "Fraudulent" Prong

81. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including

those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely displaying its online banking account information for customers and deliberately hiding the true bank account balance so Defendant could profit from overdraft fees.

82. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

### D. "DECEPTIVE, UNTRUE OR MISLEADING ADVERTISEMENT" PRONG

83. Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, in that consumers were led to believe that Defendant's provided accurate banking information through its online/mobile banking.

84. Plaintiff, a reasonable consumer, and the public were likely to be, and in fact were, deceived and misled by Defendant's advertising.

85. Had Plaintiff and the putative class members been informed that Defendant's representation of their account balance information with Defendant was false, Plaintiff and putative Class members would not have overdrafted their accounts. In other words, Defendant earned the extra business fees of Plaintiff and the putative Class members by using deceptive representations, which placed customers at a disadvantage. Furthermore, Plaintiff and the putative Class members were harmed in that they paid Defendant's improper overdraft fees.

86. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

87. Defendant's fraudulent, unlawful and unfair business practices, as described above, present an ongoing threat to consumers because consumers will continue to be misled by the accuracy of online banking that Defendant promotes and claims to offer.

88. Plaintiff has suffered injury in fact and has lost money as a result of Defendant's unfair competition, as more fully set forth herein. Plaintiff has been injured as she relied on Defendant's misrepresentations.
89. Defendant, through its acts of unfair competition, has unfairly acquired several potentially millions of dollars from Plaintiff and consumers alike. Plaintiff requests this Court restore these monies for Defendant's violations of the California Business & Professions Code§ 17200, *et seq.*, as discussed herein.
90. Plaintiff further seeks an order requiring Defendant to make full restitution of all monies wrongfully obtained and disgorge all ill-gotten revenues and/or profits, together with interest thereupon.

## SECOND CAUSE OF ACTION FOR
## UNJUST ENRICHMENT

91. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
92. At all times relevant hereto, Defendant unlawfully and unjustly absconded with Plaintiff and the Class' funds.
93. Defendant has and follows a policy and practice of inaccurately displaying consumers' account availability in order to charge and take overdraft fees.
94. Defendant as a result of its deceptive practices has received a monetary benefit in the form of wrongfully acquired overdraft fees
95. Defendant should not be permitted to unjustly enrich itself at the expense of Plaintiff and the Class, and should be required to make restitution of the received unlawful funds.
96. Plaintiff and member of class will have confirmed a benefit upon Defendant that it did not earn because of the deceptive practices.
97. Therefore, Plaintiff and the Class are entitled to recover damages, and seek injunctive relief to prevent such conduct in the future.

///

98. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

99. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act.

100. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- This action be certified as a Class Action;
- Plaintiff be appointed as the Class Representative; and
- Plaintiff's attorneys be appointed as Class Counsel.

Plaintiff further prays for judgment against Defendant as follows:

### FIRST CAUSE OF ACTION FOR

### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW

### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- An award of compensatory, special, general, and punitive damages according to proof against all Defendants;
- An award of reasonable attorney's fees and costs;
- An award of pre- and post-judgment interest; and
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR
## UNJUST ENRICHMENT

- An award of compensatory, special, and general damages according to proof against all Defendants;
- An award of reasonable attorneys' fees and costs;
- An award of pre- and post-judgment interest;
- Any other relief the Court may deem just and proper.

## THIRD CAUSE OF ACTION FOR
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any other relief this Court should deem just and proper.

## TRIAL BY JURY

101. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Dated: June 1, 2020                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**


By:  *s/ Abbas Kazerounian*
     ABBAS KAZEROUNIAN
     YANA A. HART ESQ.
     *Attorneys for Plaintiff*