MORGAN, LEWIS & BOCKIUS LLP
BRIAN M. JAZAERI, Bar No. 221144
brian.jazaeri@morganlewis.com
MEGAN A. SUEHIRO, Bar No. 316104
megan.suehiro@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SHAUNA ANDRE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A.,<br><br>Defendant. | Case No. 2:20-cv-04854-CBM-PJW<br><br>**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION**<br><br>*[Filed concurrently with Supplemental Supporting Declaration]*<br><br>Date:     February 9, 2021<br>Time:    10:00 a.m.<br>Judge:   Hon. Consuelo B. Marshall<br>Ctrm:    8B<br><br>Complaint Filed: June 1, 2020<br>FAC Filed: September 29, 2020<br>Trial Date: None set |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 2

    A. Plaintiff Acknowledged Receipt of, and Expressly Consented to, the Arbitration Agreement. ................................................................... 2

    B. The Arbitration Agreement is Neither Procedurally Nor Substantively Unconscionable. ............................................................ 5

        1. Plaintiff Has Not Established Procedural Unconscionability. ............................................................................ 5

        2. Plaintiff Has Not Established Substantive Unconscionability. ............................................................................ 6

            a. Plaintiff does not seek public injunctive relief. ................ 6

            b. The *McGill* Rule does not apply where public injunctive relief is not at issue. .......................................... 8

            c. Plaintiff cannot invoke the *McGill* Rule for the independent reason that she lacks standing to seek a public injunction. ...................................................................... 9

III. CONCLUSION ............................................................................................. 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

U.S. BANK'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Austin-Smith v. Calatlantic Group, Inc.*
2019 WL 8754733 (C.D. Cal. Apr. 30, 2019) ................................................... 9

*Baker v. Acad. of Art Univ. Found.*
2017 WL 4418973 (N.D. Cal. Oct. 5, 2017) ..................................................... 5

*Bell-Sparrow v. SFG\*Proschoicebeauty*
2019 WL 1201835 (N.D. Cal. Mar. 14, 2019) ................................................... 9

*Card v. Wells Fargo Bank, N.A.*
2020 WL 1244859 (D. Or. Mar. 16, 2020) ....................................................... 4

*Croucier v. Credit One Bank, N.A.*
2018 WL 2836889 (S.D. Cal. June 11, 2018) ................................................... 9

*Davidson v. Kimberly-Clark Corp.*
889 F.3d 956 (9th Cir. 2018) .......................................................................... 10

*Directors Guild of Am., Inc. v. Voltage Pictures, LLC*
2020 WL 6937820 (C.D. Cal. Oct. 22, 2020) ................................................... 3

*Eiess v. USAA Fed. Sav. Bank*
404 F. Supp. 3d 1240 (N.D. Cal. 2019) ............................................................ 8

*Johnson v. JP Morgan Chase Bank, N.A.*
2018 WL 4726042 (C.D. Cal. Sept. 18, 2018) .............................................. 3, 9

*Katz v. BMW of N. Am., LLC*
2019 WL 4451014 (N.D. Cal. Sept. 17, 2019) .................................................. 5

*Knutson v. Sirius XM Radio Inc.*
771 F.3d 559 (9th Cir. 2014) ............................................................................ 3

*Kramer v. Enter. Holdings, Inc.*
829 F. App'x 259 (9th Cir. 2020) ..................................................................... 9

*Lopez v. Terra's Kitchen, LLC*
331 F. Supp. 3d 1092 (S.D. Cal. 2018) ............................................................. 4

*McGhee v. N. Am. Bancard, LLC*
   755 F. App'x 718 (9th Cir. 2019) .................................................................. 4, 5

*McGovern v. U.S. Bank N.A.*
   2020 WL 7129344 (S.D. Cal. Dec. 3, 2020) ...................................................... 10

*McGovern v. U.S. Bank N.A.*
   No. 18-cv-1794 (S.D. Cal. Dec. 3, 2020) ........................................................... 10

*McGovern v. U.S. Bank N.A.*
   No. 20-cv-56313 (9th Cir. Dec. 11, 2020) ......................................................... 10

*Nguyen v. Barnes & Noble Inc.*
   763 F.3d 1171 (9th Cir. 2014) ............................................................................. 4

*Norcia v. Samsung Telcomms. Am., LLC*
   845 F.3d 1279 (9th Cir. 2017) .......................................................................... 3, 4

*Schnabel v. Trilegiant Corp.*
   697 F.3d 110 (2d Cir. 2012) ................................................................................. 4

*Sponheim v. Citibank, N.A.*
   2019 WL 2498938 (C.D. Cal. June 10, 2019) ..................................................... 9

*Stover v. Experian Holdings, Inc.*
   978 F.3d 1082 (9th Cir. 2020) ......................................................................... 9, 10

*U.S. Bank Nat'l Ass'n v. Wayman*
   2015 WL 5772730 (S.D. Cal. Sept. 30, 2015) ..................................................... 3

*United States v. Alpine Land & Reservoir Co.*
   887 F.2d 207 (9th Cir. 1989) ................................................................................ 9

*Wright v. Sirius XM Radio Inc.*
   2017 WL 4676580 (C.D. Cal. June 1, 2017) ....................................................... 9

**CALIFORNIA CASES**

*Bruni v. Didion*
   160 Cal. App. 4th 1272 (2008) ............................................................................ 6

*Chazen v. Centennial Bank*
   61 Cal. App. 4th 532 (1998) ................................................................................. 3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii                    U.S. BANK'S REPLY IN SUPPORT OF
                       MOTION TO COMPEL ARBITRATION

*Dotson v. Amgen, Inc.*
   181 Cal. App. 4th 975 (2010) .................................................................................. 6

*Esparza v. Sand & Sea, Inc.*
   2 Cal. App. 5th 781 (2016) ...................................................................................... 4

*McGill v. Citibank, N.A.*
   2 Cal. 5th 945 (2017) ....................................................................................... passim

*Mejia v. DACM Inc.*
   54 Cal. App. 5th 691 (2020) .................................................................................... 7

*Morris v. Redwood Empire Bancorp*
   128 Cal. App. 4th 1305 (2005) ................................................................................ 6

*Pinnacle Museum Tower Ass'n v. Pinnacle Market Dev. (US), LLC*
   55 Cal. 4th 223 (2012) ............................................................................................ 6

*Sanchez v. Valencia Holding Co.*
   61 Cal. 4th 899 (2015) ....................................................................................... 5, 6

*Windsor Mills, Inc. v. Collins & Aikman Corp.*
   25 Cal. App. 3d 987 (1972) ..................................................................................... 4

## I. INTRODUCTION

Plaintiff admits that she opened a checking account with U.S. Bank National Association ("U.S. Bank"), deposited funds into that account, and used services made available only to U.S. Bank account holders. Yet, in bringing this suit against U.S. Bank arising out of that checking account, she argues that she should not be held to the terms and conditions that apply to the account despite having both acknowledged her receipt of those terms and conditions, and given her "express consent" to them. Plaintiff cannot now plausibly deny that she is bound to the terms that apply to all U.S. Bank deposit account holders, including the arbitration provision governing this dispute.

Plaintiff seeks to invalidate the arbitration provision on grounds that it is both procedurally and substantively unconscionable. Neither is true. As to procedural unconscionability, Plaintiff admits that contracts like U.S. Bank's Your Deposit Account Agreement ("Account Agreement") "are indispensable facts of modern life that are generally enforced." Plaintiff's Opposition, ECF No. 22 ("Opp.") at 22. And while Plaintiff attempts to invoke as grounds for substantive unconscionability the rule in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017), which generally invalidates arbitration provisions that preclude a party from seeking public injunctive relief in any forum (the "*McGill* Rule"), she completely ignores the recent line of cases cited in the Motion holding that in cases like this one where public injunctive relief is not in issue, the *McGill* Rule does not apply. Plaintiff's own allegations make clear that the relief sought is not for the benefit of the general public, but for the benefit of a narrowly circumscribed subset of the public, *i.e.*, U.S. Bank customers.

Plaintiff has not demonstrated any reason to deviate from the Federal Arbitration Act's liberal policy favoring arbitration and must be held to her agreement to arbitrate all disputes "relating to or arising out of [her] account or [the Account] Agreement." *See* 12/17/20 Decl. of Susan Remington, ECF No. 17-2 ("Remington Decl."), Ex. A at 16.

## II. ARGUMENT

### A. Plaintiff Acknowledged Receipt of, and Expressly Consented to, the Arbitration Agreement.

After having been afforded the benefits and services available to U.S. Bank account holders, Plaintiff seeks to disclaim the very agreement under which those benefits and services were rendered. As explained in the Motion, Plaintiff's agreement to U.S. Bank's terms and conditions is clear, both by her actions and through her express agreement memorialized on a Signature Card Plaintiff signed at the time of opening her account, as shown below.

> **Terms And Conditions:** The bank is hereby authorized to recognize the signature(s) subscribed below in the payment of funds or the transaction of any business for this account. **All transactions shall be governed by applicable laws and the bank's terms (copy acknowledged as received herewith)** that pertain to the type of account and style of ownership indicated on this card. Upon request of the bank, any consumer reporting agency is hereby instructed to furnish a consumer report relating to the undersigned to the bank. Refer to resolution file for authorization of signatures where authorization is required.
> **By signing this signature card, you are also acknowledging your express consent to the terms and conditions in your applicable account agreement**, including but not limited to our policies on funds availability and our cellular phone contact policy.
>
> E-SIGNed 05/29/2018 by SHAUNA ANDRE
>
> SHAUNA ANDRE                          Date:

*Id.*, Ex. B (highlighting added).

Plaintiff admits that she signed the Signature Card at the time of opening her U.S. Bank checking account. *See* Opp. at 7; Decl. of Shauna Andre, ECF No. 22-1 ¶ 11. She does not claim that she was forced to sign the Signature Card, that she did not have an opportunity to read the Signature Card before signing, or that she signed the Signature Card under duress. Yet, she now asks the Court to disregard her signature that specifically acknowledges her receipt of U.S. Bank's terms ("***copy acknowledged as received herewith***") and her "express consent" to them because, in direct contradiction of her attestation on the Signature Card, she claims that she was not actually "presented with the account agreement."[1] *Id.* ¶ 5. Plaintiff's attempt to undo her prior acknowledgment and consent should be rejected.

---

[1] Plaintiff's claim is implausible for the additional reason that U.S. Bank's policy and customary practice at all relevant times has been to provide all customers, at the time the account is opened, with a copy of the Account Agreement then in effect. 1/25/21 Decl. of Susan Remington ¶ 3. Supplemental declarations may be submitted

1    As a general matter, "[t]he relationship of bank and depositor is founded on contract, which is ordinarily memorialized by a signature card that the depositor signs upon opening the account." *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 537 (1998) (internal citation omitted). The signature card serves the specific purpose of documenting the customer's agreement to the bank's terms and conditions. Courts therefore recognize that "***[b]y signing a signature card, a depositor may agree to be bound by the rules and regulations of the bank***." *U.S. Bank Nat'l Ass'n v. Wayman*, 2015 WL 5772730, at *6 (S.D. Cal. Sept. 30, 2015) (citing *Larrus v. First Nat'l Bank of San Mateo Cnty.*, 122 Cal. App. 2d 884, 889-90 (1954)) (emphasis added); *see also Johnson*, 2018 WL 4726042, at *8 (finding plaintiffs agreed to arbitration agreement by signing signature card acknowledging receipt of the bank's "applicable account agreement" and agreeing to be bound by its terms).

*Wayman* is instructive. In that case, U.S. Bank submitted evidence that the customer "signed a bank signature card when he opened [his account] and thereby entered a contract with U.S. Bank." 2015 WL 5772730, at *7. The signature card—like the one at issue here—stated that "all transactions shall be governed by applicable laws and the bank's terms (copy acknowledged as received herein)[.]" *Id.* at *1. The court concluded that "[a]ll transactions on the account were therefore subject to applicable laws and the bank's terms[.]" *Id.* The same is true here.

To avoid the plain operation of the Signature Card and her attestation memorialized therein, Plaintiff relies on numerous cases that stand for the proposition that a person is not bound by contractual provisions of which she is unaware. Opp. at 6-7. But none of those cases involves the scenario at play here, where there is an **uncontested signature** memorializing both receipt of and consent to the terms at issue.[2] In fact, Plaintiff's cases recognize that "[a] party who is bound by a contract

---

to respond to arguments raised in opposition. *See, e.g.*, *Directors Guild of Am., Inc. v. Voltage Pictures, LLC*, 2020 WL 6937820, at *2 n.1 (C.D. Cal. Oct. 22, 2020).

[2] *See Norcia v. Samsung Telcomms. Am., LLC*, 845 F.3d 1279, 1281 (9th Cir. 2017) (consumer's silence in response to arbitration agreement in a brochure included in product box for smartphone did not constitute assent); *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 566 (9th Cir. 2014) (failure to cancel a trial subscription to Sirius

is bound by all its terms, whether or not the party was aware of them." *Norcia*, 845 F.3d at 1284. Similarly, "[a] party cannot avoid the terms of a contract on the ground that he or she failed to read it before signing." *Id.* (quotation omitted).

Plaintiff cites two cases in support of her argument that evidence that a consumer "acknowledged" that she read an account agreement is insufficient to bind her to its terms. *See* Opp. at 7-8. But even those cases are distinguishable in that the plaintiff never ***agreed*** to the subject terms—in stark contrast to Plaintiff's signature and "express consent" given here. *See Card v. Wells Fargo Bank, N.A.*, 2020 WL 1244859, at *6 (D. Or. Mar. 16, 2020) (distinguishing agreement at issue from a "clickwrap agreement" in which a user is prompted to "agree" to the subject terms); *Esparza v. Sand & Sea, Inc.*, 2 Cal. App. 5th 781, 783 (2016) (finding no agreement to arbitrate where "acknowledgement form did not state that the employee agreed to the arbitration provision").

Finally, in attempt to disclaim her assent to the arbitration agreement, Plaintiff analogizes this case to *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987 (1972), and *McGhee v. N. Am. Bancard, LLC*, 755 F. App'x 718 (9th Cir. 2019) (unpublished), both of which are plainly distinguishable on their facts. *See* Opp. at 9-11. In *Windsor Mills*, the seller of goods attempted to bind the purchaser to an arbitration agreement printed on that backside of an order acknowledgment form that the seller sent to the purchaser, and to which the purchaser never signed or agreed. 25 Cal. App. 3d at 989-91. *McGhee* is likewise inapposite because it involved the "convoluted placement of contradictory documents" on a website that "did not require any affirmative action to demonstrate assent" to the user agreement

---

XM did not constitute assent to arbitration clause given customer's lack of knowledge of any relationship with Sirius XM); *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 129 (2d Cir. 2012) (failure to cancel enrollment in defendants' service did not constitute assent to arbitration agreement in unsolicited email); *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1178 (9th Cir. 2014) (insufficient notice of terms where website did not prompt consumers to take any action to demonstrate assent); *Lopez v. Terra's Kitchen, LLC*, 331 F. Supp. 3d 1092, 1101 (S.D. Cal. 2018) (no assent to hyperlinked terms on website where consumer not required to provide "affirmative acknowledgment of the agreement before proceeding with the purchase").

containing the arbitration provision. 755 F. App'x at 719. In neither case did the party being compelled to arbitration give "express consent" to the applicable terms, as Plaintiff indisputably did here.

By all accounts, Plaintiff cannot circumvent the clear evidence that she acknowledged receipt of the agreement governing her relationship with U.S. Bank and agreed to its terms, including the arbitration provision contained therein.

### B. The Arbitration Agreement is Neither Procedurally Nor Substantively Unconscionable.

#### 1. Plaintiff Has Not Established Procedural Unconscionability.

Plaintiff's argument that the arbitration agreement is procedurally unconscionable because it is a contract of adhesion should be rejected in its entirety. Plaintiff takes issue with U.S. Bank's purported "unilateral authority" to revise the agreement and Plaintiff's inability to contribute to the negotiation of its terms. Opp. at 12. But these common aspects of consumer contracts do not make an agreement unconscionable. Any such differences between the parties do not "demonstrate any oppression beyond what is inherent in any adhesion contract." *Baker v. Acad. of Art Univ. Found.*, 2017 WL 4418973, at *4 (N.D. Cal. Oct. 5, 2017); *see also Sanchez v. Valencia Holding Co.*, 61 Cal. 4th 899, 915 (2015) (although an adhesive contract may show "some degree of procedural unconscionability," it is not per se unconscionable or unenforceable). Further, courts routinely enforce contracts of adhesion containing arbitration clauses. *See, e.g.*, *Katz v. BMW of N. Am., LLC*, 2019 WL 4451014, at *4 (N.D. Cal. Sept. 17, 2019) ("An arbitration clause, however, is not unenforceable because it is offered on a 'take it or leave it' basis.") (citation omitted). In fact, Plaintiff admits that these types of contracts "are indispensable facts of modern life that are generally enforced." Opp. at 12.

Plaintiff also contends that she endured "unfair surprise" as a result of not being presented with the account agreement prior to signing the Signature Card. *See* Opp. at 12. Setting aside the implausibility of this claim given Plaintiff's

5
U.S. BANK'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

confirmation of receipt of the bank's terms and her acceptance of the same, as discussed above, the "surprise" component of procedural unconscionability generally arises where the terms of the bargain are "hidden in a prolix printed form," *Bruni v. Didion*, 160 Cal. App. 4th 1272, 1288 (2008), or drafted in "fine-print terms," *Sanchez*, 61 Cal. 4th at 911 (2000). Here, far from being buried in the document, the entirety of the arbitration provision is set apart from the rest of the text in bold-face type and is conspicuously labeled with a heading in bold, all-capital letters reading: "**ARBITRATION**." *See* Remington Decl., Ex. A at 16. Courts have not found unfair surprise with regard to similar agreements. *See, e.g.*, *Pinnacle Museum Tower Ass'n v. Pinnacle Market Dev. (US), LLC*, 55 Cal. 4th 223, 247 n.12 (2012) (no unfair surprise where arbitration provisions appeared in separate article with bold, capitalized and underlined headings); *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1321 (2005) (no unfair surprise where arbitration provisions offset with "clear heading").

Plaintiff has failed to make any showing of procedural unconscionability beyond the "minimal" level that inheres in any contract of adhesion. *Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 982 (2010). Plaintiff therefore faces a "high" burden to show that the substantive provisions of the arbitration provision are sufficiently unconscionable to invalidate it. *Id.* As discussed below, Plaintiff is unable to carry this burden.

### 2. Plaintiff Has Not Established Substantive Unconscionability.

Plaintiff argues that the arbitration agreement is substantively unconscionable because it prohibits her from seeking public injunctive relief and thus runs afoul of *McGill*. Opp. at 13. Plaintiff contends that (i) she seeks public injunctive relief and (ii) even if she does not seek public injunctive relief, she can nevertheless invoke the *McGill* Rule to avoid arbitration. Opp. at 15-18. Both arguments fail.

#### a. Plaintiff does not seek public injunctive relief.

Plaintiff attempts to avail herself of the *McGill* Rule by characterizing her

Complaint as seeking public injunctive relief. Opp. at 15-18. But this action concerns U.S. Bank's alleged improper assessment of overdraft fees, which necessarily impacts only those who are customers of U.S. Bank. The First Amended Complaint, ECF No. 9 ("FAC") ***does not even mention "public injunctive relief,"*** and Plaintiff's own allegations make clear that this action stands to benefit an inherently circumscribed group of individuals:

- "Plaintiff . . . brings this Class Action Complaint to challenge the deceptive business practices of [Defendant] with regard to Defendant's overdraft fees ***charged to its customers*** for manipulating them into overdrafting their accounts." FAC ¶ 1 (emphasis added).
- "U.S. Bank's mobile app represents ***to customers*** that they have funds they do not actually have available to spend." *Id.* ¶ 55 (emphasis added).
- Defining the proposed "Class" as "All persons within California ***with a U.S. Bank checking account(s)*** who were charged and paid Defendant an overdraft fee(s) . . . ." *Id.* ¶ 60 (emphasis added).
- Defining the proposed "Sub-Class" as "All persons in the State of California ***with a U.S. Bank checking account(s)*** who were charged an overdraft fee(s) . . . ." *Id.* (emphasis added).

Plaintiff relies heavily on *Mejia v. DACM Inc.*, 54 Cal. App. 5th 691 (2020), in an effort to frame this action as one seeking public injunctive relief. Opp. at 15-16. The requested injunction in *Mejia*, however, was starkly different. The plaintiff there sought an injunction to stop the defendant from selling motor vehicles in the state of California without first providing mandated disclosures in a single document. 54 Cal. App. 5th at 703. The disclosures at issue were thus meant to be provided to *would-be* consumers, *i.e.*, members of the general public. Here, by contrast, Plaintiff seeks injunctive relief for herself and the proposed class of persons with a U.S. Bank checking account, *i.e.*, current U.S. Bank customers. *Compare id.* ("Mejia's prayer does not limit itself to relief only for class members or some other small group of individuals."), *with* FAC ¶ 69 (requesting issuance of a "class-wide injunction").

Plaintiff's reliance on *Eiess v. USAA Fed. Sav. Bank*, 404 F. Supp. 3d 1240 (N.D. Cal. 2019) is likewise misplaced because the plaintiff there specifically sought an order preventing USAA Federal Savings Bank from misrepresenting its NSF Fee

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

U.S. BANK'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION

policy in its publicly available documents. 404 F. Supp. 3d at 1245. Here, no public-facing statements are at issue. As set forth in the Motion, even Plaintiff's passing claim that the "public" was deceived by Defendant's "advertising," is no more than a reformulation of Plaintiff's complaint about U.S. Bank's disclosure of ***account information*** to ***its customers***, not the general public. *Id.* ¶ 87 (alleging as part of the "advertisement" prong of her UCL claim that Defendants' false representation of Plaintiff and the putative class members' ***account balance information*** "placed ***customers*** at a disadvantage") (emphasis added). Plaintiff's Opposition only further affirms that the relief sought here is not for the general public. *See* Opp. at 17 (conceding that this action seeks to prevent Defendant from "***earning illegal overdraft fees***," which, by nature, can be assessed only as to U.S. Bank customers, not the public at large) (emphasis added).³

By her own allegations and arguments, Plaintiff thus confirms that the relief she seeks is not public injunctive relief because it "has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff," *i.e.*, U.S. Bank customers. *McGill*, 2 Cal. 5th at 955.

### b. The *McGill* Rule does not apply where public injunctive relief is not at issue.

Plaintiff attempts to sidestep the question of whether she seeks public injunctive relief by relying on a lone district court case from the Southern District of California that held that whether a plaintiff "actually seeks public injunctive relief, or has Article III standing to do so, is irrelevant to the unenforceability of the public injunction waiver." Opp. at 15 (quoting *McGovern v. U.S. Bank N.A.*, 2020 WL 7129344, at *2 (S.D. Cal. Dec. 3, 2020)). That decision, which is now on appeal, is contrary to the litany of cases cited in the Motion—including a recent Ninth Circuit

---

³ As stated in the Motion, Plaintiff's claim that she seeks to enjoin Defendant from misrepresenting "to the consuming public that they have available funds," FAC ¶ 79, is logically flawed as U.S. Bank displays "available funds" only to respective account holders (*i.e.*, U.S. Bank customers), not the general public.

case—that unequivocally hold that *where public injunctive relief is not in issue, the McGill Rule does not apply*.[4]  Tellingly, Plaintiff does not even mention any of these cases in her Opposition.

Following Ninth Circuit precedent and related case law, the *McGill* Rule is inapplicable on the facts of this case.  Plaintiff's attempt to invoke the "poison pill" provision in the arbitration agreement based on application of the *McGill* Rule likewise fails because there is no reason for the Court to decide whether the arbitration agreement violates *McGill* and, thus, whether the "poison pill" clause has been triggered.  *See United States v. Alpine Land & Reservoir Co.*, 887 F.2d 207, 214 (9th Cir. 1989) ("courts should not render advisory opinions upon issues which are not presented before the court, precisely framed and necessary for decision").[5]

### c. Plaintiff cannot invoke the *McGill* Rule for the independent reason that she lacks standing to seek a public injunction.

Even if Plaintiff could establish that the FAC seeks public injunctive relief (it does not), she lacks standing to pursue such relief in federal court and therefore has no grounds to invoke the *McGill* Rule.  *See Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1087 (9th Cir. 2020) (because plaintiff had not alleged threat of future harm required for Article III standing, the *McGill* Rule did not preclude arbitration of UCL claim).[6]  As discussed in the Motion, to establish standing to obtain injunctive

---

[4] *See Kramer v. Enter. Holdings, Inc.*, 829 F. App'x 259, 260 (9th Cir. 2020); *Johnson v. JP Morgan Chase Bank, N.A.*, 2018 WL 4726042, at *8 (C.D. Cal. Sept. 18, 2018); *Austin-Smith v. Calatlantic Group, Inc.*, 2019 WL 8754733, at *5 (C.D. Cal. Apr. 30, 2019); *Wright v. Sirius XM Radio Inc.*, 2017 WL 4676580, at *9 (C.D. Cal. June 1, 2017); *Sponheim v. Citibank, N.A.*, 2019 WL 2498938, at *5 (C.D. Cal. June 10, 2019); *Bell-Sparrow v. SFG*Proschoicebeauty*, 2019 WL 1201835, at *5 n.9 (N.D. Cal. Mar. 14, 2019); *Croucier v. Credit One Bank, N.A.*, 2018 WL 2836889, at *5 (S.D. Cal. June 11, 2018).

[5] Applying *McGill* on the facts of this case would have the illogical result of invalidating Plaintiff's agreement to arbitrate based on a clause that prohibits public injunctive relief despite the fact that Plaintiff does not even seek such relief.

[6] The *McGovern* court's interpretation of *Stover* is on appeal to the Ninth Circuit. *See McGovern v. U.S. Bank N.A.*, No. 20-cv-56313 (9th Cir. Dec. 11, 2020).  The *McGovern* court, in any event, held that the plaintiff lacks Article III standing to seek public injunctive relief "because public injunctive relief is categorically incompatible with Article III standing." *McGovern v. U.S. Bank N.A.*, No. 18-cv-1794 (S.D. Cal. Dec. 3, 2020).

relief, Plaintiff must demonstrate that she may suffer an "actual and imminent, not conjectural or hypothetical" threat of future harm. Mot. at 13-14 (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018)). Plaintiff cannot make this showing because she (i) is no longer a U.S. Bank customer to whom there is a threat of future harm and (ii) still does not allege that she seeks to open another U.S. Bank deposit account in the future.

Plaintiff does not contest the showing in the Motion that her U.S. Bank checking account has been closed and that she no longer has any open deposit accounts with U.S. Bank. Instead, she argues that U.S. Bank somehow "moot[ed] the controversy" to "evade judicial review." Opp. at 20. Not so. The closure of Plaintiff's U.S. Bank account is a result of her own doing. *See* Remington Decl., ECF No. 17-2, ¶ 6 (stating that Plaintiff's checking account was charged off and closed in the ordinary course due to the account being overdrawn for approximately two months). Plaintiff also does not contend that she desires to sign up for another U.S. Bank deposit account in the future such that she could benefit from the requested injunction as *Davidson* requires. 889 F.3d at 969-70. Plaintiff's reliance on past conduct to establish standing is wholly unavailing. *See id.* at 967. Plaintiff's attempted reliance on *McGill* fails for this independent reason.

### III. CONCLUSION

Dismissal is appropriate when all claims in the action are subject to arbitration. *See* Mot. at 16. For the reasons set forth above and in the Motion, U.S. Bank requests that the Court order Plaintiff to individually arbitrate all of her claims against U.S. Bank and dismiss this action.

Dated: January 26, 2021     MORGAN, LEWIS & BOCKIUS LLP

By /s/ *Brian M. Jazaeri*
    Brian M. Jazaeri
    Megan A. Suehiro
    Attorneys for Defendant
    U.S. BANK NATIONAL ASSOCIATION